## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROY PIPPIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H007-0982 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, TDCJ-ID, JOHN DOE, | § | |
| Warden, TDCJ-ID, Walls Unit, | § | |
| JOHN DOE, Executioner(s), TDCJ-ID, | § | |
| Walls Unit, RICK PERRY, Governor, | § | |
| State of Texas, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff  Roy Pippin is a Texas death row inmate.  He seeks an injunction barring his execution. The defendants have not yet answered.  This court dismisses Pippin's complaint with prejudice, for the reasons explained below.

## I.    Background

Pippin was convicted of murdering more than one person during the same criminal transaction and murdering one of the victims during the course of a kidnaping.  Pippin was sentenced to death.  The Texas Court of Criminal Appeals affirmed  his conviction and sentence. *Pippin v. State*, No. 72,252 (Tex.Crim.App. May 21, 1997).  Pippin unsuccessfully petitioned for state and federal habeas corpus relief.  *See generally Pippin v. Dretke*, 434 F.3d 782 (5th Cir. 2005), *cert. denied sub nom. Pippin v. Quarterman*, ___ U.S. ___, 127

S.Ct. 351 (2006).  Pippin is scheduled to be executed on March 29, 2007.

Pippin filed this complaint on March 23, 2007.  He challenges the combination of drugs used by the State of Texas to administer lethal injections, asserting that the drugs may paralyze but not produce unconsciousness.  Pippin alleges that he may experience excruciating pain before dying.  He seeks an injunction barring the use of this execution protocol.

## II.   Analysis

### A.   Standard of Review

A court may *sua sponte* dismiss a complaint when the complaint fails to state a claim upon which relief can be granted.  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.), *cert. denied*, 525 U.S. 865 (1998).  In determining whether to so dismiss a complaint the court applies the same standard as it would in ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  *Id.*  Under that standard, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken  as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159 (1986).  A district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the  plaintiff can prove no set of facts in support of his claim which would  entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  This strict standard of review under Rule 12(b)(6) has been summarized  as follows: "The question therefore is whether in the light  most  favorable  to  the  plaintiff  and  with  every  doubt  resolved  in  his  behalf,  the

complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B.    Pippin's Complaint

Equitable relief should be denied when the plaintiff is dilatory. "Equity must take into consideration the State's strong interest in proceeding with its judgment . . . A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Gomez v. United States District. Ct.*, 503 U.S. 653, 654 (1992) (per curiam).

Pippin was sentenced to death in September 1995. By the time he filed this complaint, Pippin had been under a death sentence for over eleven years. Pippin did not file his complaint for more than five months after the Supreme Court denied *certiorari* on his federal habeas corpus petition. *Pippin v. Quarterman*, ___ U.S. ___, 127 S.Ct. 351 (2006).

Under *Harris v. Johnson*, 376 F.3d 414 (5th Cir. 2004), it is clear that Pippin waited too long to raise this challenge. Harris, like Pippin, spent years on death row in Texas. Harris filed his § 1983 complaint challenging the lethal-injection protocol shortly after the Supreme Court denied *certiorari* on his federal habeas corpus petition. The Fifth Circuit, over a dissent by Judge Dennis, concluded that Harris was dilatory. "Harris cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges." *Id.* at 417. The Fifth Circuit rejected Harris's argument that the claim was previously unavailable because

society's standards of decency had only recently evolved to the point of recognizing that the execution protocol violated the Eighth Amendment. The court observed that a condemned inmate always has an incentive to wait to raise claims to see if there is an evolution in societal standards, but this incentive does not entitle the inmate to file so near his execution date that the adjudication of his claims—whether in the inmate's favor or not—will inevitably delay the execution.

Pippin argues that he has not acted in a deliberately dilatory manner. He claims he could not know of the potential pain involved before a 2005 article in the British medical journal, *The Lancet*, concluded that levels of anesthesia in executed inmates were inadequate to ensure unconsciousness. He also references a directive from the American Veterinary Association instructing veterinarians not to use this combination of drugs to euthanize animals. These reports would at most be some evidence in support of his claims. As the exhibits attached to Pippin's complaint demonstrate, both of these pieces of information have been available for more than a year. *See* Exh. J (*Lancet* article dated 2005); Exh. K (article from *San Jose Mercury News* dated February 5, 2006, citing American Veterinary Association report). Other exhibits attached to the complaint demonstrate that other evidence in support of these claims was available years ago. *See*, *e.g.*, Exh. E (*U.S. News* article dated April 23, 1998, reporting a Texas execution that required two attempts at administering the lethal injection).

Pippin filed this complaint at such a late date that adjudication of his claim on the merits inevitably will delay his execution, regardless of the outcome of his claims.  The controlling precedent of *Harris* mandates dismissal of Pippin's complaint.

**III.    Order**

Pippin's Complaint (Docket Entry 1) is dismissed with prejudice.  Pippin's Motion For Stay of Execution (Docket Entry 4) is denied.

SIGNED on March 26, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge